IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2006 JAN 19  P 4: 23
DISTRICT OF UTAH
BY:_____
     DEPUTY CLERK

| | |
|---|---|
| JAN E. JURASEK,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE BROWN, DR. WHITEHEAD, DR. FNU SPENCER, Clinical Director of Utah State Hospital, and MARK PAYNE, Administrative Head of Utah State Hospital,<br><br>Defendants. | Case No. 2:05-CV-462 DAK<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Jan E. Jurasek, who is acting *pro se*, filed a petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254,[1] on May 26, 2005, and the case was assigned to United

---

[1] Petitioner's petition declares that it is brought pursuant to 28 U.S.C. § 2241; however, because Petitioner's claim challenges the constitutionality of Utah's civil commitment laws, and thus the validity of the basis of his confinement, rather than the execution of that confinement, the court reviews his petition as a Section 2254 habeas petition. Of course, petitioner would not be permitted to challenge his conditions of confinement in a Section 2241 petition either. *See Boyce v. Ashcroft*, 251 F.3d 911, 918 (2001), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001).

States District Court Judge Dale A. Kimball. (File Entry #1.) On July 20, 2005, Judge Kimball referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). (File Entry #2.)

In his petition, Petitioner sets forth three main claims. First, Petitioner, who was involuntarily committed to the Utah State Hospital, argues that Utah's laws allowing for his involuntary commitment are unconstitutional. Second, Petitioner appears to argue that his rights have been violated because he has been forced to take medication against his will while he has been at the Utah State Hospital. Third, Petitioner appears to argue that his rights are being violated because his doctors at the Utah State Hospital are purposefully injuring him by forcing him to take dangerous medications.

Petitioner's first claim is properly brought in his habeas petition. Petitioner's second and third claims, however, are not properly brought in his habeas petition; instead, those claims raise challenges to Petitioner's conditions of confinement and must be brought under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boyce v. Ashcroft*, 251 F.3d 911, 914 (2001), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001); *see also Woodruff v. Everett*, 43 Fed.

2

Appx. 244, 245 (10th Cir. 2002) ("Challenges to the fact of conviction or confinement or the duration of confinement are cognizable only under the habeas statutes, while section 1983 actions are typically the proper vehicle for attacking unconstitutional conditions of confinement and parole procedures." (Citations omitted.)). As a result, Petitioner's second and third claims should be dismissed from this action.

### RECOMMENDATION

Because Petitioner's second and third claims, as described above, challenge Petitioner's conditions of confinement, they are not properly before the court in this Section 2254 habeas petition, and must be brought separately under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a result, **IT IS HEREBY RECOMMENDED** that petitioner's **second and third claims** be **DISMISSED WITHOUT PREJUDICE.**

A copy of the foregoing report and recommendation is being mailed to the parties who are hereby notified of their right to object to the report and recommendation. The parties are further notified that they must file any objections to the report and recommendation within ten (10) days after receiving it. Failure

to file objections to both factual findings and legal conclusions may constitute a waiver of those objections on subsequent review.

Dated this 19th day of January, 2006.

BY THE COURT:

_____
Samuel Alba
United States Chief Magistrate Judge