FILED
U.S. DISTRICT COURT

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

2006 MAR 23  P 3: 37

DISTRICT OF UTAH

BY:
    DEPUTY CLERK

---

JAN E. JURASEK,

            Plaintiff,

    vs.

WAYNE BROWN, DR. WHITEHEAD,
DR. FNU SPENCER, Clinical
Director of Utah State
Hospital, and MARK PAYNE,
Administrative Head of Utah
State Hospital,

            Defendants.

Case No. 2:05-CV-462 DAK

**REPORT AND RECOMMENDATION**

---

Before the court is a petition for a Writ of Habeas Corpus
filed pursuant to 28 U.S.C. § 2254[1] by *pro se* Petitioner, Jan E.
Jurasek.  Petitioner was involuntarily committed to the Utah
State Hospital, *see* Utah Code Ann. § 62A-15-631 (2006), and
challenges the constitutionality of Utah's involuntary civil

---

[1]Petitioner's petition declares that it is brought pursuant
to 28 U.S.C. § 2241; however, because Petitioner's claim
challenges the constitutionality of Utah's civil commitment laws,
and thus the validity of the basis of his confinement, rather
than the execution of that confinement, the court reviews his
petition as a Section 2254 habeas petition.

commitment laws.  Because Petitioner has not shown that he has

exhausted the remedies available in the Utah court system, and

because the court cannot say that Petitioner's claims obviously

have no merit or are patently frivolous, the court recommends

that Petitioner's petition be dismissed without prejudice.

## BACKGROUND

Petitioner filed his petition on May 26, 2005, and the case

was assigned to United States District Judge Dale A. Kimball.

(File Entry #1.)   Judge Kimball referred the case to United

States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. §

636(b)(1)(B) on July 20, 2005.   (File Entry #2.)

On January 19, 2006, the court ordered Petitioner to provide

the court with the following information:

> (1) specific information outlining how
> Petitioner has exhausted his administrative
> remedies as to his Section 2254 claim that
> Utah's laws providing for his involuntary
> civil commitment are unconstitutional.  As
> much as possible, Petitioner must provide the
> court with specific information, such as
> which state courts were presented with his
> claim, the dates of those actions, the
> decisions rendered by those courts, and so
> forth;
> (2) the specific legal grounds upon which
> Petitioner's claim relies; and
> (3) the specific facts supporting
> Petitioner's claim.

(File Entry #5, at 2-3.)[2]  The court ordered Petitioner to provide the court with the requested information within 30 days from the date of the order.  (File Entry #5, at 2.)  To date, Petitioner has not responded to the court's January 19, 2006 order.

## ANALYSIS

Because Petitioner is proceeding *pro se*, the court construes his pleadings liberally.  *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

In his petition, Petitioner complains that he was "committed by a kangaroo court (mental health commission hearing) involuntarily under unconstitutional Utah Law for a period of 6 months" and that he "has been regularly recommitted by the same kangaroo court and under the same unconstitutional law for the past 14 Years." (File Entry #1, at 2.)  Further, Petitioner lists as his first claim that the "Utah State committment [sic] (involuntary committment [sic] to a mental health hospital system) laws are unconstitutional (13th Amendment to US Constitution)." (File Entry #1, at 3.)  Petitioner supports this

---

[2]The same day, on January 19, 2006, the court filed a Report and Recommendation.  (File Entry #6.)  The court recommended that Petitioner's Section 1983 claims, which raised challenges to Petitioner's conditions of confinement, be dismissed from this action because they must be brought in a separate action.  Judge Kimball entered an order adopting the Report and Recommendation on February 21, 2006.  (File Entry #7.)

claim with three attachments to his petition, Appendices A, B, and C. Regarding his attempt to exhaust his state remedies for his claim, Petitioner writes, "I have submitted the arguments in Appendicies [sic] A, B, and C at least three times to the Mental health commissioner, and recently to the 4th district court of Utah. THEY WON'T EVEN RELE [sic] ON THE ISSUE!" (File Entry #1, at 3.)

However, other than the information listed above about his involuntary civil commitment, Petitioner has failed to provide the court with the necessary information regarding his efforts to exhaust his state remedies before filing his petition with this court. The court has done some limited research on the issue and has not discovered evidence that Petitioner has exhausted his state remedies.

In general, before a petitioner may seek review of a state commitment in federal court, he must exhaust all remedies in the state court system. *See* 28 U.S.C. § 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275-276 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard*, 404 U.S. at 275; *Knapp*, 1998 WL 778774, at *2-3. Petitioner suggests in his complaint that he

4

has at least begun the process of exhausting his administrative remedies; however, he has not provided the court with the necessary information to show that he has finished exhausting his remedies.  Petitioner has not even responded to the court's January 19, 2006 order requesting that Petitioner provide the court the necessary information regarding his attempts to exhaust his claims.  As such, Petitioner has not shown that he has exhausted his state remedies.

When a petitioner fails to show that he has exhausted his claims, the court has two choices.  *See* 28 U.S.C. § 2254(b)(1) & (2); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002).  "First, it may dismiss the petition and allow the petitioner to return to state court to exhaust his claims.  Second, it *may* deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies."[3]  *Moore*, 288 F.3d at 1232 (emphasis added) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

Section 2254(b) "'does not contain the standard for determining when a court should dismiss a petition on the merits instead of insisting on complete exhaustion.'"  *Moore*, 288 F.3d

---

[3]"As indicated by Congress' use of the word 'may,' the court has discretion whether to dismiss without prejudice or deny the petition on the merits under such circumstances."  *Hamill v. Ferguson*, 937 F. Supp. 1517, 1522 n.1 (D. Wyo. 1996).

at 1234 (quoting *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir.
1997)).  That section should therefore be read together with
*Granberry v. Greer*, 481 U.S. 129 (1987), which held that, if a
court is satisfied that a habeas petition lacks merit, use of the
exhaustion rule to dismiss the petition may merely result in
futile state court litigation.  *See Moore*, 288 F.3d at 1234
(citing *Hoxsie*, 108 F.3d at 1243; *Granberry*, 481 U.S. at 133).
"[T]he Tenth Circuit has . . . observed that *Lambrix v.
Singletary*, 520 U.S. 518, 524 (1997), suggests that in the
interest of judicial economy, a court should deny a habeas
petition that is *easily resolvable* against the petitioner on the
merits rather than require complete exhaustion."  *Rudolph v.
Galetka*, No. 2:99-CV-371, 2000 WL 33407004, at *3 (D. Utah May
23, 2000) (emphasis added).  Other courts have described the
dismissal of a petition on the basis of exhaustion rather than on
the merits as warranted when the petition "does not obviously
lack merit," *Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999),
or is not "patently frivolous," *Goines v. Walker*, 54 F. Supp. 2d
153, 155 (E.D.N.Y. 1999).

Considering the grounds for habeas relief raised here
against the backdrop of § 2254(b)(2), the court declines to use
its discretion to dismiss this petition on the merits.  *See
Rudolph*, 2000 WL 33407004, at *3.  It is not readily apparent to

6

the court that Petitioner has wholly failed to raise a "colorable federal claim[]."[4]  *See id.*  The court therefore cannot say that Petitioner's claims obviously have no merit or are patently frivolous.  *See id.; Mercadel*, 179 F.3d at 276; *Goines*, 54 F. Supp. 2d at 155.  Accordingly, "the claims are not 'easily resolvable' against the petitioner," *id.*, and "it is appropriate that [P]etitioner's . . . claim be heard by a . . . [s]tate court before this Court passes on it."  *Goines*, 54 F. Supp. 2d at 157.

**RECOMMENDATION**

As a result, **IT IS HEREBY RECOMMENDED** that Petitioner's habeas corpus petition brought under § 2254 be **DISMISSED WITHOUT PREJUDICE.**

A copy of the foregoing report and recommendation is being mailed to the parties who are hereby notified of their right to object to the report and recommendation.  The parties are further notified that they must file any objections to the report and recommendation within ten (10) days after receiving it.  Failure

---

[4]When dismissing an unexhausted petition on the merits under § 2254(b)(2), "it is the entire petition, rather than individual claims, that must be dismissed." *Moore v. Schoeman*, 288 F.3d 1231, 1234 (10th Cir. 2002).  To dismiss this petition on the merits, then, this court must be convinced that not one of Petitioner's claims is "colorable."

to file objections to both factual findings and legal conclusions may constitute a waiver of those objections on subsequent review.

Dated this _23rd_ day of March, 2006.

BY THE COURT:

Samuel Alba
United States Chief Magistrate Judge